| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br><br>Court Address:  1437 Bannock Street<br>                           Denver, CO 80202 | DATE FILED: February 20, 2018 4:16 PM<br>FILING ID: 483E433B7208B<br>CASE NUMBER: 2018CV30632 |
| Plaintiff:     Shawn Williams<br><br>Defendant:  American Family Mutual Insurance Company, S.I. | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiff:<br>Jennifer Torres #48842<br>Patric J. LeHouillier, #7984<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, CO 80014<br>Phone Number: (303) 757-3300<br>Fax Number:    (303) 757-3206<br>E-Mail: torresj@fdazar.com<br>lehouillierp@fdazar.com | Case No.<br><br>Division: |
| **COMPLAINT FOR DAMAGES AND JURY DEMAND** | |

COMES NOW Plaintiff, Shawn Williams, by and through his attorneys, Franklin D. Azar and Associates, P.C., Jennifer Torres and Patric J. LeHouillier, for his Complaint against the Defendant, states and alleges as follows:

### I.   PARTIES, JURISDICTION, AND VENUE

1. This lawsuit arises from an auto collision that occurred in the State of Colorado on July 1, 2015.

2. Mr. Williams is an individual and resident of the State of Colorado.

3. Defendant American Family Mutual Insurance Company, S.I. ("American Family") is a corporation doing business in the State of Colorado, with its registered agent listed as The Corporation Service Company located on 1900 W. Littleton Boulevard, Littleton, CO 80120.

4. Venue is proper herein pursuant to C.R.C.P. 98(c)(5).

5. This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124.

## II. GENERAL ALLEGATIONS

6. On or about July 1, 2015, Mr. Williams was involved in a motor vehicle collision.

7. At the time of the collision, Mr. Williams was driving a 1993 Lexus ES330 Sedan owed by his common law spouse, Toni Wagner.

8. At the time of the collision, Mr. Kenneth Dillard, an uninsured motorist, was driving a 1999 Volvo Semi-Truck.

9. Mr. Williams was traveling southbound on North Quebec Street.

10. Mr. Dillard was traveling northbound on North Quebec Street.

11. Mr. Dillard intended to turn left onto westbound East 51st Avenue.

12. Mr. Dillard turned left in front of Mr. Williams.

13. Mr. Williams impacted Mr. Dillards' passenger side trailer.

14. Mr. Williams was injured as a result of the collision.

15. Mr. Williams suffered injuries including a posterior wall fracture of the right acetabulum as a result of the collision.

16. Mr. Williams had to undergo a definitive surgical fixation for the fracture of his right acetabulum as a result of the collision.

17. On July 1, 2015, Mr. Dillard's motor vehicle insurance policy had lapsed.

18. Mr. Williams sued Mr. Dillard in Denver District Court.

19. Mr. Dillard defaulted on his Answer.

20. On September 15, 2016, Judge Gilman entered a judgement against Mr. Dillard, Hero Auto Carriers, Inc., MH Direct, Inc. and Speedpros Specialized Auto Transpiration, Inc. in the amount of $732,049.00.

21. Plaintiff was not negligent on the occasion in question.

22. No third party caused, or contributed to the cause, of the accident and Plaintiff's injuries, damages, and losses.

23. Mr. Williams incurred medical expenses, lost earnings, pain and suffering, impairment, and permanent injuries.

Exhibit A

24. At the time of the collision, Mr. Williams had insurance coverage with American Family as a resident relative of his spouse, Toni Wagner.

25. Among coverages, American family provided uninsured motorist coverage in the amount of $100,000.00 per person, $300,000.00 per collision.

26. Mr. Williams submitted his claim to American Family in a timely manner.

27. Mr. Williams has spoken to American Family answered questions and provided information about his injuries.

28. Mr. Williams has cooperated with American Family in its investigation of his claim.

29. Mr. Williams has provided documentation to American Family showing that he has incurred $732,049.00 in damages to date.

30. On August 16, 2016, Mr. Williams filed a claim with American Family for uninsured motorist coverage benefits related to this collision.

31. On August 23, 2016, American Family requested a recorded statement.

32. Mr. Williams provided a recorded statement to assist American Family in its investigation and evaluation of his claim.

33. Ms. Toni Wagner, Mr. Williams' spouse, also provided a recorded statement to assist American Family in its investigation and evaluation of his claim.

34. On November 18, 2016, American Family issued a reservation of rights letter questioning Mr. Williams and Ms. Wagner's common law marriage.

35. Mr. Williams provided additional documentation regarding his marriage to Ms. Wagner.

36. On February 14, 2017, American Family did not consider affidavits from coworkers, friends, and family members as objective proof of their common law marriage.

37. On March 20, 2017, American Family requested "objective proof" of their common law marriage in order to determine that Mr. Williams' claim was not based "solely to gain an economic advantage."

38. On May 30, 2017, American Family denied coverage to Mr. Williams.

39. American Family has continued to deny coverage despite additional information being provided.

40. American Family has failed to make a reasonable offer to Mr. Williams for his underinsured motorist benefits.

41. American Family has insisted that Mr. Williams and Ms. Wagner are not common-law married.

42. Mr. Williams has provided information to American Family regarding his marriage to Ms. Wagner.

43. American Family's unreasonable investigation has resulted in delay and denial of underinsured motorist benefits being paid to Mr. Williams.

44. American Family has not paid any uninsured motorist benefits to Mr. Williams.

45. American Family had a duty to promptly and competently investigate the underinsured motorist claims presented by Mr. Williams.

46. American Family has unreasonably delayed and/or denied payment of the benefits owed to Mr. Williams under the underinsured motorist policy.

47. American Family does not have a reasonable basis for the delay and/or denial of Mr. Williams' benefits under the underinsured motorist policy.

**FIRST CLAIM FOR RELIEF**
**(BREACH OF CONTRACT-UIM BENEFITS)**

47. Plaintiff incorporates all prior allegations as though fully set forth herein.

48. Prior to the collision, Ms. Wagner, Plaintiff's spouse, entered into a contract with Defendant American Family for the purpose of obtaining automobile insurance, whose policy includes coverage for claims involving uninsured motorists. At all times pertinent to the within action, all the premiums as required under the contract for insurance were paid to Defendant American Family.

49. Plaintiff has advised Defendant American Family of his claim for uninsured motorist benefits for this incident under their policy of insurance, and otherwise fully cooperated with Defendant in connection with this claim.

50. Plaintiff, as a resident relative, is an intended beneficiary of the Defendant's insurance policy/contract and is therefore entitled to enforce the terms of the policy/contract.

51. Plaintiff is entitled to be compensated by Defendant for all damages he has incurred, including significant medical bills and other expenses, pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency , physical impairment, and disability, under the uninsured motorist coverage of the policy.

## SECOND CLAIM FOR RELIEF
### (FIRST PARTY STATUTORY CLAIM UNDER C.R.S. § 10-3-1116)

52. Plaintiff incorporates all prior allegations as though fully set forth herein.

53. Defendant has denied and delayed payment of under-insured motorist benefits to Plaintiff without a reasonable basis for its actions.

54. Defendant's unreasonable position and conduct has caused Plaintiff damage by the loss of the compensation that is due to him and which Defendant should have previously paid to him.

55. In accordance with C.R.S. §10-3-1116, Plaintiff is entitled to recover from Defendant two times the covered under-insured motorist benefits plus reasonable attorney's fees and court costs.

## THIRD CLAIM FOR RELIEF
### (BAD FAITH)

56. Plaintiff incorporates all prior allegations as though fully set forth herein.

57. Defendant owed Plaintiff a duty to act in good faith in reviewing, adjusting and settling his claims.

58. Defendant breached duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

   (a) Compelling this Plaintiff to institute litigation to recover amounts due to him under the under-insured motorist bodily injury liability benefits afforded Plaintiff under the insurance policies;
   (b) Favoring the interests of American Family, an insurer, over those of Plaintiff, an insured, to whom Defendant owes fiduciary and statutory duties;
   (c) Failing or delaying payment of reasonable compensation for the injuries, damages, and losses Plaintiff suffered at the hands of an under-insured motorist;
   (d) Failing to investigate Plaintiff's claim.
   (e) Failing to consider the evidence provided by Plaintiff.

59. Defendant's actions were unreasonable.

60. Defendant knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

61. As a direct result of Defendant's breaches of its duties to its insured, Plaintiff has been damaged including, but not necessarily limited to:

   a. Being forced to incur additional costs in litigation;

      b.  Enduring the emotional trauma of being unnecessarily involved in a lawsuit with Defendant; and

      c.  Being deprived of the use of funds that would otherwise be used for such things as medical treatment and for lost wage coverage which should have been paid by now.

      WHEREFORE, Plaintiff prays for judgment against Defendant for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

<u>**PLAINTIFF REQUESTS TRIAL OF ALL MATTERS AT ISSUE**</u>

<u>**HEREIN TO A JURY**</u>

Respectfully submitted February 20, 2018,

                              FRANKLIN D. AZAR & ASSOCIATES, P.C.
                              By: <u>*/s/ Jennifer Torres*</u>
                              Jennifer Torres, #48842
                              Patric J. LeHouillier, #7984
                              ATTORNEYS FOR PLAINTIFF

**Plaintiff's Address:**
**10647 Fillmore Way**
**Northglenn, CO 80233**

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*