IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-00621-CMA-NRN

SHAWN WILLIAMS,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,

    Defendant.

___

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
___

This matter is before the Court on Defendant American Family Mutual Insurance Company, S.I.'s Motion for Summary Judgment, in which Defendant requests that the Court enter summary judgment in its favor on Plaintiff Shawn Williams's three claims against it. (Doc. # 25.) For the reasons described below, the Court grants in part and denies in part Defendant's Motion for Summary Judgment.

## I.    BACKGROUND

Plaintiff was involved in a two-car motor vehicle collision on July 1, 2015, in Denver, Colorado. (Doc. # 6 at 1.) Plaintiff was driving a 1993 Lexus sedan owned by his romantic partner, non-party Toni Wagner, at the time of the crash and collided with a semi-truck driven by an uninsured motorist. (*Id.* at 2.) Plaintiff alleges that he suffered

significant injuries, including "a posterior wall fracture of the right acetabulum,"[1] and required surgery as a result of the accident. (*Id.*) Plaintiff maintained an automobile insurance policy with non-party Dairyland Insurance and made a claim for his injuries. (Doc. # 25 at 1.) Dairyland Insurance paid Plaintiff $25,000 in uninsured motorist ("UM") coverage. (*Id.*)

On the date of the collision, Toni Wagner, Plaintiff's romantic partner and the owner of the car he was driving, carried an automobile insurance policy with Defendant, Policy No. 1741-9737-02-89-FPPA-CO (the "Policy"). The Policy provided, in relevant part:

1. We will pay compensatory damages for **bodily injuries** which an **insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** . . .
2. The bodily injury must:
    a. be sustained by an **insured person**;
    b. be caused by an accident; and
    c. arise out of the ownership, maintenance, or use of an uninsured motor vehicle or an underinsured motor vehicle.

(Doc. # 25-13 at 14.) The Policy defined an "[i]nsured person" as: "a. **you** or a **relative**; b. anyone else occupying or using your insured car; [and] c. anyone entitled to recover damages due to bodily injury to you, a relative, or another occupant of your insured car." (*Id*. at 13.) "[Y]ou" meant "the policyholder shown in the Declarations **and spouse**, if living in the same house." (*Id.* at 6) (emphasis added). A "relative" was defined as "a person who, at the time of the accident, is related by blood, **marriage**, or adoption to the

---

[1] The acetabulum is "commonly thought of as the socket of the ball-and-socket hip joint." *Fractured: Repairing the Acetabulum*, MAYOCLINIC (May 23, 2019 1:40 PM), https://www.mayoclinic.org/medical-professionals/trauma/news/fractured-repairing-the-acetabulum/mac-20429977.

2

named insured or resident spouse and who resides in the named insured's household, even if temporarily living elsewhere." (*Id.*) (emphasis added). The Policy's UM coverage for bodily injury was limited to $100,000 per person and $300,000 per accident. (*Id.* at 2.)

On August 22, 2016, Plaintiff, through his counsel, notified Defendant that he was making a claim under the Policy's UM coverage. (Doc. # 25-12.) Plaintiff asserts that he was an "insured person" under the terms of the Policy and thus entitled to its UM coverage because he was Toni Wagner's common law spouse at the time of the collision. (Doc. # 6 at 2–4.) According to Plaintiff, Defendant issued a reservation of rights letter on March 20, 2017, "questioning [Plaintiff's and Toni Wagner's] common law marriage," and "requested 'objective proof' of their common law marriage in order to determine that [Plaintiff's] claim was not based 'solely to gain an economic advantage.'" (*Id.*) He alleges that he cooperated with Defendant—specifically, that he "provided documentation . . . showing that he has incurred $732,049.00 in damages to date," "provided a recorded statement," and "provided additional documentation regarding his marriage to [Toni] Wagner," such as "affidavits from coworkers, friends, and family members as objective proof of their common law marriage." (*Id.* at 3.)

Defendant denied Plaintiff's claim for UM coverage under Toni Wagner's Policy on May 30, 2017, purportedly "based upon statements made by Plaintiff and [Toni] Wagner and based upon the fact that documents that were provided indicated that Plaintiff was single and not married to [Toni] Wagner at the time of the [motor vehicle accident]" on July 1, 2015. (Doc. # 25 at 1–2.) Plaintiff alleges that Defendant has

continued to insist that he and Toni Wagner were and "are not common-law married" and to "deny coverage despite additional information being provided." (Doc. # 6 at 3–4.)

Plaintiff initiated this action against Defendant on February 20, 2018, and asserts three claims for relief: (1) a claim of breach of contract for UM benefits, (2) a claim of unreasonable delay or denial of benefits under Colo. Rev. Stat. §§ 10-3-1115 and -1116, and (3) a common law bad faith claim.[2] (*Id.* at 4–6.)

Defendant filed the Motion for Summary Judgment presently before the Court on December 18, 2018. (Doc. # 25.) Plaintiff responded on January 8, 2019 (Doc. # 30), to which Defendant replied on January 22, 2019 (Doc. # 34).

## II. APPLICABLE LEGAL PRINCIPLES

### A. SUMMARY JUDGMENT

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okl.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party—in the matter presently before the Court, in the light most favorable

---

[2] Plaintiff filed this action in the District Court for the City and County of Denver, Colorado, Case Number 2018CV30632. *See* (Doc. # 6 at 1.) Approximately one month later, Defendant removed the action to this Court pursuant to 28 U.S.C § 1332. (Doc. # 1.)

to Plaintiff. *See id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Id.* Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. Stated differently, the party must provide "significantly probative evidence" that would support a verdict in his favor. *Jaramillo v. Adams Cty. Sch. Dist. 14*, 680 F.3d 1267, 1269 (10th Cir. 2012). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

**B. ELEMENTS OF THE CLAIMS**

Plaintiff brings three claims against Defendant. (Doc. # 6 at 4–6.)

1. <u>Breach of contract</u>

As to Plaintiff's first claim for relief, a breach of contract claim has four elements under Colorado law: "(1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff." *Matthys v. Narconon Fresh Start*, 104 F. Supp. 3d 1191, 1204 (D. Colo. May 4, 2015) (citing *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992)).

2. <u>Unreasonable delay or denial of benefits under Colo. Rev. Stat. §§ 10-3-1115 and -1116</u>

Plaintiff asserts his second claim against Defendant pursuant to Colo. Rev. Stat. § 10-3-1115, which provides that "[a] person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." Colo. Rev. Stat. § 10-3-1115(1)(a). Thus, the two elements of a claim brought under Colo. Rev. Stat. § 10-3-1115 are: (1) the defendant denied or delayed payment of benefits to the plaintiff, and (2) the defendant's denial or delay of payment was without a reasonable basis. Colo. Jury Instr., Civil 25:4. Colo. Rev. Stat. § 10-3-1116 permits an insured "whose claim for payment of benefits has been unreasonably delayed or denied" to bring an action against his or her insurer "to recover reasonable attorney fees and court costs and two times the covered benefit." Colo. Rev. Stat. § 10-3-1116(1).

"[A]n insurer's delay or denial was unreasonable if the insurer delayed or denied authorizing payment of a covered basis without a reasonable basis for that action." Colo. Rev. Stat. § 10-3-1115(2). The insured "need not show that the insurer acted knowingly or recklessly." *Jas Hosp., LLC v. Auto-Owners Ins. Co.*, No. 15-cv-00967-LTB-MJW, 2016 WL 9734746, *2 (D. Colo. July 12, 2016) (citing Colo. Rev. Stat. § 10-3-1115(2); *Vaccaro v. Am. Family Ins. Grp.*, 2012 COA 9M, ¶ 21). However, a finding that a claim was "fairly debatable" for common law bad faith purposes (see below) is not sufficient, without more, to establish that the insurer's actions were reasonable as a matter of law. *Williams v. Owners Inc. Co.*, 621 F. App'x 914, 919 (10th Cir. 2015) (citing *Vaccaro*, ¶ 22). "What constitutes reasonableness under the circumstances is ordinarily a question of fact for the jury." *Zolman v. Pinnacol Assurance*, 261 P.3d 490, 497 (Colo. App. 2011). "However, in appropriate circumstances, as when there are no genuine issues of material fact, reasonableness may be decided as a matter of law." *Id.* (citing *Bankr. Estate of Morris v. COPIC Ins. Co.*, 193 P.3d 519, 524 (Colo. App. 2008)).

3. Common law bad faith claim

Finally, as to Plaintiff's third claim against Defendant, he must prove two elements: (1) that the defendant acted unreasonably under the circumstances, and (2) the defendant either knowingly or recklessly disregarded the validity of the plaintiff's claim for insurance coverage. *Baumann v. Am. Family Mut. Ins. Co.*, No. 11-cv-00789-CMA-BNB, 2012 WL 122850, *3 (D. Colo. Jan. 17, 2012) (citing *Goodson v. Am. Standard Ins. Co.*, 89 P.3d 409, 414 (Colo. 2004)). Bad faith may encompass an entire

course of conduct and can be cumulative. *Vaccaro*, ¶ 22 (citing *Dale v. Guar. Nat'l Ins. Co.*, 948 P.2d 545, 551 (Colo. 1997)).

With respect to the first element, "the reasonableness of the insurer's conduct must be determined objectively." *Baumann*, 2012 WL 122850 at *3 (quoting *Sanderson v. Am. Family Mut. Ins. Co.*, 251 P.3d 1213, 1217 (Colo. App. 2010)). "[I]t is reasonable for an insurer to challenges claims that are 'fairly debatable.'" *Zolman*, 261 P.3d at 496 (citing *Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1275 (Colo. 1985)). "Indeed, even if an insurer possesses a mistaken belief that a claim is not compensable, it may be within the scope of permissible challenge." *Id.* at 496 (citing *Savio*, 706 P.2d at 1275–76). What constitutes reasonableness is "ordinarily a question of fact for the jury." *Id.* at 497. But "when there are no genuine issues of material fact, reasonableness may be decided as a matter of law." *Bankr. Estate of Morris*, 193 P.3d at 524.

**C.     COMMON LAW MARRIAGE**

Plaintiff asserts that Toni Wagner, Defendant's insured, was his common law spouse at the time of the collision. (Doc. # 6 at 2.) Colorado is one of several states that still recognize common law marriages. *In re Marriage of J.M.H. and Rouse*, 143 P.3d 1116, 1117 (Colo. App. 2006). In a common law marriage, "two persons create a valid marital relationship without the benefit of a legal marriage ceremony performed according to statutory requirements." *Id.* (citing Denise K. Mills, *Common Law Marriage in Colorado*, 16 Colo. Law. 252 (Feb. 1987)).

Under Colorado law, "[a] common law marriage is established by [1] the mutual consent or agreement of the parties to be husband and wife, followed by [2] a mutual

8

and open assumption of a marital relationship." *Pertile v. Gen. Motors, LLC*, No. 15-cv-0518-WJM-NYW, 2017 WL 2559218, *2 (D. Colo. June 3, 2017) (quoting *People v. Lucero*, 747 P.2d 660, 663 (Colo. 1987)). The parties' mutual consent or agreement must "be manifested by conduct that gives evidence of the mutual understanding of the parties," and "such conduct in a form of mutual public acknowledgment of the marital relationship is not only important evidence of the existence of mutual agreement but is essential to the establishment of a common law marriage." *Id.* (quoting *Lucero*, 747 P.2d at 663). The very nature of common law marriage often presents problems of proof. *Id.* However, Colorado law does not require the parties' agreement to have been in words, and it "may be inferred from evidence of cohabitation and general repute." *Lucero*, 747 P.2d at 664. Parties seeking to prove the existence of a common law marriage may rely on "any form of evidence" that demonstrates their intent to be married:

> Our formulations of the requirement of conduct manifesting or confirming the parties' understanding or agreement have taken many forms. . . . The two factors that most clearly show an intention to be married are cohabitation and a general understanding or reputation among persons in the community in which the couple lives that the parties hold themselves out as husband and wife. Specific behavior that may be considered includes maintenance of joint banking and credit accounts; purchase and joint ownership of property; the use of the man's surname by the woman; the use of the man's surname by children born to the parties; and the filing of joint tax returns. However, there is no single form that any such evidence must take. Rather, any form of evidence that openly manifests the intention of the parties that their relationship is that of husband and wife will provide the requisite proof from which the existence of their mutual understanding can be inferred.

*Id*. at 665 (internal citations omitted).  Ultimately, "[a] determination of whether a common law marriage exists **turns on issues of fact and credibility**."  *Id*. (emphasis added).

### III.     ANALYSIS

Defendant first asserts that Plaintiff "was not common law married to [Toni] Wagner" and was thus "not an insured person under [Toni] Wagner's UM policy" at the time of accident.  (Doc. # 25 at 2.)  It argues that because Plaintiff was not covered by Toni Wagner's Policy, Plaintiff's claims—all of which derive from the Policy—are meritless.  (*Id.*)  Second, Plaintiff alternatively argues that even if questions of fact remain as to whether Plaintiff and Toni Wagner were common law married at the time of the collision, it "acted reasonably as a matter of law in challenging the coverage issues regarding common law marriage."  (*Id.*)  The Court addresses each argument in turn.

#### A. WHETHER PLAINTIFF WAS COVERED BY TONI WAGNER'S POLICY AS HER COMMON LAW SPOUSE

It is undisputed that whether Plaintiff had a common law marriage with Toni Wagner on July 1, 2015, the date of the collision, is a threshold inquiry bearing on all three of Plaintiff's claims.

In its Motion for Summary Judgment, Defendant contends that the "evidence that Plaintiff and Toni Wagner were not common law married at the time of the [motor vehicle accident] is so overwhelming that the Court should find no common law marriage as a matter of law."  (Doc. # 25 at 11.)  That "overwhelming" evidence includes W-4 IRS forms Plaintiff filled out for his employers in 2014 and 2015 and the 1040EZ IRS form "for single and joint [tax] filers with no dependents" he filed for the 2014

10

calendar year, as well as his application for automotive insurance, dated May 11, 2015; Defendant asserts that Plaintiff indicated he was single on all of these documents. (*Id.* at 2–3, 11.) Defendant additionally cites the police report regarding the underlying collision and records of the Plaintiff's subsequent hospital visit, both of which indicated Plaintiff was single, as evidence that he was not common law married at the time of the accident. (*Id.* at 3, 12.) Finally, Defendant points to Plaintiff's and Toni Wagner's recorded statements regarding their relationship and to evidence that they did not have a joint bank account, did not jointly own a home, and did not share a last name. (*Id.* at 12.) On the basis of such evidence, Defendant asserts that "no rational trier of fact could find that Plaintiff and [Toni] Wagner were common law married" and asks the Court to find as a matter of law that they "were not common law husband and wife at the time of the [motor vehicle accident]." (*Id.* at 13.)

Defendant's proffered evidence fails to establish the absence of a genuine dispute of material fact regarding Plaintiff and Toni Wagner's relationship at the time of the collision on July 1, 2015. At the outset, it is well established in Colorado that "[a] determination of whether a common law marriage exists **turns on issues of fact and credibility**," *Lucero*, 747 P.2d at 665 (emphasis added)—issues that are properly resolved by the trier of fact. *See Pertile*, 2017 WL 2559218 at *2 (citing Brenda L. Storey, *Defending Against A Common Law Marriage Claim*, Colorado Lawyer, March 2005, at 69 ("Common law marriage claims are fact-driven")).

Moreover, in response to Defendant's argument that the Court should decide Plaintiff and Toni Wagner were not common law married as a matter of law, Plaintiff has

satisfied his burden to set forth specific facts showing that there is a genuine issue for trial regarding the status of his relationship with Toni Wagner. *See Anderson*, 477 U.S. at 256. Plaintiff and Toni Wagner both stated in depositions that they were holding themselves out as married when the accident occurred. Plaintiff testified, "On July 1st, we were holding ourselves out as husband and wife. The wedding was too expensive, so I took it upon myself to say 'We're already married. You're my wife. I'm your husband. We've got a child. We've got a family.'"[3] (Doc. # 30-1 at 18.) Similarly, Toni Wagner testified that at the time of the collision:

> I was saying, "We're married." . . . You know, I told my family or whoever that we were going to be getting married, that we were married. They started referring to us as husband and wife as soon as he proposed, so as far as we were concerned, we were, like, married already. . . As soon as he proposed to me, as far as I was concerned, we were married then, because he was already planning on marrying me.

(Doc. # 30-2 at 4.) Viewing this sworn testimony in the light most favorable to Plaintiff, the Court is satisfied that Plaintiff's and Toni Wagner's statements are sufficient evidence that they had mutually consented to be husband and wife—the first element of a common law marriage, *see Pertile*, 2017 WL 2559218 at *2—prior to the collision.

Moreover, Plaintiff provides affidavits from Toni Wagner's parents and three friends, all of whom aver that they have known Plaintiff and Toni Wagner as husband and wife since before the accident and that Plaintiff and Toni Wagner live together and publicly hold themselves out to be husband and wife. *See* (Doc. # 25-16.) Though a

---

[3] With respect to the tax documents on which he indicated his marital status was single in 2014 and 2015, Plaintiff explained that he indicated as much, despite holding himself and Toni Wagner out "as husband and wife" because "[he] wasn't aware that [they] could file jointly together without an actual marriage certification." (Doc. # 30-1 at 20.)

12

finder of fact may ultimately agree with Defendant that these affidavits are unconvincing, *see* (Doc. # 25 at 13), at this juncture, the Court must view the affidavits (and all other evidence) in the light most favorable to Plaintiff, *see Allen*, 119 F.3d at 837.  Plaintiff also explains that he and Toni Wagner have lived together since 2014 and have a child together, who has Plaintiff's last name.  (Doc. # 30 at 12); *see* (Doc. ## 30-1–30-2). The Court finds that this evidence fairly amounts to "any form of evidence that openly manifests the intention of the parties that their relationship is that of husband and wife," thus satisfying the second element of a common law marriage for purposes of summary judgment.  *See Lucero*, 747 P.2d at 665 ("The two factors that most clearly show an intention to be married are cohabitation and a general understanding or reputation among persons in the community . . . that the parties hold themselves out as husband and wife. Specific behavior that may be considered includes . . . the use of the man's surname by children born to the parties."); *Pertile*, 2017 WL 2559218 at *2 (identifying the second element of a common law marriage as "a mutual and open assumption of a marital relationship.").

Accordingly, the Court finds that Plaintiff has demonstrated a genuine dispute of material fact as to whether he and Toni Wagner had a valid common law marriage at the time of the accident.  *See Pertile*, 2017 WL 2559218 at *2–4 (finding that the plaintiffs had established a genuine issue of fact as to whether they had a common law marriage at the time of a traffic accident and rejected the defendant's request for summary judgment).  Summary judgment is not warranted on this issue.

## B. WHETHER DEFENDANT ACTED REASONABLY IN INVESTIGATING PLAINTIFF'S CLAIM FOR BENEFITS UNDER THE POLICY

An essential element of both Plaintiff's second claim, for unreasonable delay or denial of benefits under Colo. Rev. Stat. §§ 10-3-1115 and -1116, and his third claim, for bad faith under common law, is that Defendant acted unreasonably. *See* Colo. Jury Instr., Civil 25:4; *Baumann*, 2012 WL 122850 at *3.

Defendant briefly argues that even if the Court finds a genuine issue of material fact as to whether Plaintiff and Toni Wagner were common law married at the time of the collision, summary judgment is nonetheless appropriate on Plaintiff's second and third claims "because [Defendant] had a reasonable basis for its decision to deny the claim." (Doc. # 25 at 16.) It explains that the "overwhelming evidence . . . points to only one conclusion: [Plaintiff] and [Toni] Wagner were not common law married," and given the weight of that evidence, it "acted reasonably in challenging the coverage based upon common law marriage." (*Id.*)

The Court concludes that there is **no** genuine dispute of material fact concerning the reasonableness of Defendant's handling of Plaintiff's claim and that Defendant's reasonableness can be decided as a matter of law. First, as to Plaintiff's common law bad faith claim, "it is reasonable for an insurer to challenge claims that are 'fairly debatable.'" *Home Loan Inv. Co. v. St. Paul Mercury Ins. Co.*, 827 F.3d 1256, 1261 (10th Cir. 2016) (quoting *Zolman*, 261 P.3d at 496). Plaintiff's claim for UM coverage was certainly "fairly debatable." As Defendant observes, it had before it a great deal of evidence, including Plaintiff's tax returns and Plaintiff's and Toni Wagner's own statements regarding getting married in the future, that suggested they were not

14

common law married to one another on July 1, 2015. *See* (Doc. # 25 at 16.) This evidence rendered Plaintiff's assertion that he was in a common law marriage with Toni Wagner fairly debatable, and Defendant therefore acted reasonably in calling into question Plaintiff's claim for coverage.

Second, with respect to Plaintiff's statutory claim, "fair debatability is not a threshold inquiry that is outcome determinative as a matter of law." *Sanderson*, 251 P.3d at 1217. Something more is required to find reasonableness as a matter of law. Here, Defendant has provided sufficient evidence to establish that it acted reasonably in challenging Plaintiff's claim for coverage. Plaintiff's claim wasn't just fairly debatable; it was suspect. In addition to several official documents on which Plaintiff indicated he was single, Defendant offers evidence that Plaintiff and Toni Wagner did not have joint bank accounts, did not own property together, did not share a last name, and did not file joint tax returns. *See* (Doc. # 25 at 12.) Furthermore, Toni Wagner stated on October 7, 2016, three months after the accident, that she and Plaintiff were "engaged" and that they "[hadn't] gotten married yet." *See* (Doc. # 25-15 at 1.) This evidence satisfies the Court that Defendant acted reasonably as a matter of law in challenging Plaintiff's assertion that he was insured under the Policy as Toni Wagner's common law spouse.

Because the Court concludes that Defendant's conduct was reasonable as a matter of law, Plaintiff's claims for unreasonable delay or denial of benefits under Colo. Rev. Stat. §§ 10-3-1115 and -1116 and for common law bad faith fail. The Court thus enters summary judgment in Defendant's favor on Plaintiff's second and third claims for relief.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion for Summary Judgment (Doc. # 25). It is

FURTHER ORDERED that Defendant's Motion for Summary Judgment is denied as to Plaintiff's claim for breach of contract, his first claim for relief. This claim survives Defendant's Motion. It is

FURTHER ORDERED that Defendant's Motion for Summary Judgment is granted as to Plaintiff's second and third claims, for unreasonable delay or denial of benefits under Colo. Rev. Stat. §§ 10-3-1115 and -1116 and for bad faith under common law. The Court enters summary judgment in favor of Defendant on the second and third claims for relief.

DATED: June 4, 2019

BY THE COURT:

_Christine M. Arguello_
_____
CHRISTINE M. ARGUELLO
United States District Judge