IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-00621-CMA-NRN

SHAWN WILLIAMS,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,

    Defendant.

_____

**ORDER ON PLAINTIFF'S MOTIONS TO STRIKE DEFENDANT'S EXPERTS**
_____

This matter is before the Court on two motions filed Plaintiff Shawn Williams: (1) Plaintiff's Motion to Strike Defendant American Family Mutual Insurance Company, S.I.'s Expert Nathan Rose, M.S., ("Motion to Strike Expert Rose") (Doc. # 24) and (2) Plaintiff's Motion to Strike Certain Opinions of Defendant's Expert Keith Oliveira, Esq. ("Motion to Strike Expert Oliveira") (Doc. # 29) (together, "Motions to Strike Experts"). For the reasons outlined below, the Court denies Plaintiff's Motion to Strike Expert Rose but grants his Motion to Strike Oliveira.

## I.    BACKGROUND

The Court detailed the factual basis of this case in its Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment. (Doc. # 44.) That Order is incorporated by reference, and the facts explained therein need not be repeated. The Court recounts only the facts necessary to address Plaintiff's Motions to Strike Experts.

As a result of the Court's summary judgment order, Plaintiff's sole remaining claim against Defendant is for breach of contract. (*Id.* at 16.) Plaintiff asserts that Defendant breached its contract for automobile insurance (the "Policy") by denying Plaintiff's claim for uninsured motorist ("UM") coverage after he was injured in a collision on July 1, 2015. (Doc. # 6.)

During the course of litigation, Defendant retained an accident reconstructionist, Nathan Rose, M.S., to opine on questions of Plaintiff's negligence and comparative fault before and during the collision. (Doc. # 26 at 5.) Mr. Rose prepared an accident reconstruction report for Defendant on August 28, 2018. (Doc. # 26-4.) Defendant also retained an attorney with a knowledge of insurance industry standards, Keith Oliveira, Esq., to outline claim handling standards and practices for the jury. (Doc. # 31 at 3.) Mr. Oliveira prepared a report on Defendant's handling of Plaintiff's claim for UM benefits on September 28, 2018. (Doc. # 29-4.) Defendant has designed both Mr. Rose and Mr. Oliveira as experts. *See* (Doc. ## 26 at 5, 31 at 3.)

Plaintiff filed his Motion to Strike Rose on November 28, 2018, arguing that Mr. Rose's opinions must be stricken under Federal Rules of Evidence 702 and 403 because his conclusion about Plaintiff's fault in causing the collision "is an after-the-fact attempt by Defendant to provide additional justification for denying the UM claim" and is "not relevant to the issues the jury must decide."[1] (Doc. # 24 at 3.) Defendant

---

[1] Plaintiff makes several typographical errors in his Motion to Strike Rose, such as misidentifying Rule 403 as Rule 408 and providing incorrect citations to the cases upon which he relies. *See generally* (Doc. # 24.) Though these typographical errors do not affect the Court's analysis of Plaintiff's Motion to Strike Rose, the Court cautions Plaintiff to pay closer attention to the accuracy of his writing in the future.

responded in opposition to Plaintiff's Motion to Strike Rose on December 19, 2018 (Doc. # 26), to which Plaintiff replied on December 26, 2018 (Doc. # 28).

Plaintiff filed his Motion to Strike Oliveira on December 26, 2018, on the grounds that Mr. Oliveira's opinions are improper under Rules 702 and 403 because they "attempt to define the law of the case" and therefore "usurp[] the function of the Court to instruct the jury on what the law is." (Doc. # 29.) Defendant filed its Response in support of the admissibility of Mr. Oliveira's expert testimony on January 16, 2019 (Doc. # 31); Plaintiff replied in support of his motion on January 22, 2019 (Doc. # 33).

On June 4, 2019, the Court granted in part and denied in part Defendant's Motion for Summary Judgment (Doc. # 25). (Doc. # 44.) Plaintiff's claim for breach of contract survived summary judgment because Plaintiff had demonstrated a genuine dispute of material fact as to whether he and Toni Wagner, the insurance policy holder, were in a valid common law marriage at the time of the collision. (*Id.* at 13.) However, the Court dismissed Plaintiff's other claims—for unreasonable delay or denial of benefits under Colo. Rev. Stat. §§ 10-3-1115 and -1116 and for common law bad faith—because it was satisfied that Defendant's handling of Plaintiff's claim for UM coverage was reasonable as a matter of law. (*Id.* at 15.)

## II.  LEGAL STANDARD

Under *Daubert*, the trial court acts as a "gatekeeper" by reviewing a proffered expert opinion for reliability pursuant to Rule 702 and for relevance pursuant to Rule 401. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589–95 (1993);

*see also Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000).

Rule 702 governs the admissibility of expert testimony. It provides that a witness who is qualified as an expert by "knowledge, skill, experience, training, or education" may testify if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

F.R.E. 702. The proponent of the expert must demonstrate by a preponderance of the evidence that the expert's testimony and opinion are admissible under Rule 702. *United States v. Nacchio,* 555 F.3d 1234, 1241 (10th Cir. 2009)*; United States v. Crabbe*, F. Supp. 2d 1217, 1220–21 (D. Colo. 2008); F.R.E. 702 advisory comm. notes. To ensure that an expert witness satisfies Rule 702, the Court must "[1] assess the reasoning and methodology underlying the expert's opinion, and [2] determine whether it is both scientifically valid and applicable to a particular set of facts." *McCoy v. Whirlpool Corp.*, 287 F. App'x 669, 671 (10th Cir. 2008) (quoting *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir. 2003)).

Under the *Daubert* analysis, the Court must also ensure that that the proposed testimony is sufficiently "relevant to the task at hand," *Daubert*, 509 U.S. at 597—that is, that it "logically advances a material aspect of the case," *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 884 (10th Cir. 2005). Rule 401 provides that evidence is relevant

4

if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." F.R.E. 401. Under Rule 403, the Court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." F.R.E. 403. The Court has especially wide discretion in determining the admissibility of evidence "with respect to Rule 403 since it requires an 'on-the-spot balancing of probative value and prejudice.'" *Sprint/United Mgmt. Co v. Mendelsohn*, 552 U.S. 379, 384 (2008).

### III. ANALYSIS

#### A. DEFENDANT'S EXPERT ROSE

Defendant retained Mr. Rose as an expert to opine on "the negligence and comparative fault issues in the pleadings." (Doc. # 26 at 5.) In his written report for Defendant, Mr. Rose concluded that the collision on July 1, 2015, "was avoidable to [Plaintiff]. . . . [Plaintiff] impacted the car hauler either because he was traveling too fast or because he failed to respond when he had more than adequate time to do so." (Doc. # 26-4 at 16.) Defendant asserts that "Mr. Rose's opinion supports [its] theory—a theory [P]laintiff concedes is contained within the claim file and existed prior to the filing of the lawsuit—to wit, that [P]laintiff was at fault." (Doc. # 26 at 9.)

Plaintiff argues that Mr. Rose's opinions must be stricken because they are "irrelevant to the issues the jury must decide in this case." (Doc. # 24 at 5.) These issues, according to Plaintiff, concern whether it was reasonable for Defendant to deny

5

Plaintiff's claim on the grounds that Plaintiff and Toni Wagner were not common law married at the time of the collision. (*Id.* at 7.)

The Court squarely rejects Plaintiff's argument. It concerns only the claims that the Court has previously dismissed: his statutory claim for unreasonable delay or denial of benefits and his common law claim of bad faith. Plaintiff's contention that Mr. Rose's testimony is irrelevant fails to account for Plaintiff's breach of contract claim—ironically, the only claim left in this action. Even if Plaintiff *did* argue that Mr. Rose's opinion is also irrelevant to his breach of contract claim, the Court would disagree.

Mr. Rose's testimony about Plaintiff's role in causing the collision is relevant to Plaintiff's breach of contract claim because Plaintiff must prove the damages he is legally entitled to recover from Defendant. *See Matthys v. Narconon Fresh Start*, 104 F. Supp. 3d 1191, 1204 (D. Colo. May 4, 2015) (citing *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (identifying damages as the fourth element of a breach of contract claim)). In the context of a breach of contract claim regarding UM coverage specifically, a plaintiff "has the burden to prove that the uninsured . . . motorist was negligent and the extent of the damages." *Walker v. Am. Standard Ins. Co. of Wis.*, No. 11-cv-00927-LTB, 2011 WL 3876901, *2 (D. Colo. Sept. 2, 2011) (quoting *Briggs v. Am. Family Mut. Ins. Co.*, 833 P.3d 859, 861 (Colo. App. 1992)). As another division of the Court explained:

> "Consequently a finding of no liability or of limited damages on the part of the uninsured [or underinsured] motorist will eliminate or limit a claim under the insurance provider's UM coverage." [*State Farm Mut. Auto. Ins. Co. v. Brekke,* 105 P.3d 177, 188 (Colo. 2004)]. . . .
> Determining whether a plaintiff was "legally entitled to recover" from a third-party implicates Colorado tort law. In Colorado's tort regime, **a**

6

> **plaintiff's comparative negligence can preclude his recovery** from an otherwise negligent defendant if the plaintiff's negligence was equal to or greater than the defendant's negligence. *See* Colo. Rev. Stat. § 13–21–111(1) (2010). Even if the plaintiff's comparative negligence is less than the defendant's, **any damages allowed must be reduced in proportion to the amount of negligence attributable to the plaintiff**. *Id.*

*Walker*, 2011 WL 3876901 at *2–3 (emphasis added). Accordingly, Plaintiff's role in causing the collision on July 1, 2015—in other words, his negligence—bears on the damages Defendant may owe him under the Policy. Though not dispositive, Mr. Rose's testimony speaks directly to the extent to which Plaintiff was negligent and caused the collision at issue, and it is therefore relevant to the damages element of Plaintiff's claim. *See Walker*, 2011 WL 3876901 at *3 (where the plaintiff asserted a breach of contract regarding UM coverage, holding that "[t]hough not dispositive, a plaintiff's BAC and possible intoxication are relevant to determining his comparative negligence.") The Court thus denies Plaintiff's Motion to Strike Expert Rose. (Doc. # 24.) Mr. Rose's expert testimony is admissible.

**B.     DEFENDANT'S EXPERT OLIVEIRA**

Defendant retained Mr. Oliveira "as an expert in insurance industry standards" to "[o]utline[] claim handling standards and practices to allow the jury to better evaluate Plaintiff's claim[s]" that Defendant unreasonably denied him UM coverage. (Doc. # 31 at 3.) Mr. Oliveira's written report for Defendant provides his "expert opinions regarding [Defendant's] handling of [Plaintiff's] [UM] claim." (Doc. # 29-4 at 1.) He opines that "[Defendant] clearly has a reasonable basis for its coverage and liability decisions on this claim" and that it has not "unreasonably delayed or denied [Plaintiff's] [UM] claim,

7

nor has [Defendant] breached its duty of good faith and fair dealing in its handling of [Plaintiff's] claim." (*Id.* at 10.)

Plaintiff asserts that Mr. Oliveira's testimony must be stricken because Mr. Oliveira improperly opines "about what the law is" and makes "erroneous statements of fact." (Doc. # 29 at 5–7.)

The Court need not reach Plaintiff's contentions because Mr. Oliveira's testimony is irrelevant to the sole remaining claim—Plaintiff's claim that Defendant breached its contract for UM coverage. Mr. Oliveira's testimony concerns the reasonableness of Defendant's conduct, which is only relevant to the two claims the Court previously dismissed. Accordingly, the Court grants Plaintiff's Motion to Strike Expert Oliveira (Doc. # 29) and strikes Mr. Oliveira's report and testimony pursuant to Rule 403.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Strike Expert Rose. (Doc. # 24.) It is

FURTHER ORDERED that the Court GRANTS Plaintiff's Motion to Strike Expert Oliveira. (Doc. # 29.)

DATED: June 17, 2019

BY THE COURT:

*Christine M. Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge